# IN THE COURT OF APPEALS OF IOWA

No. 21-0375
Filed September 1, 2021

**IN THE INTEREST OF A.C. and A.C.,**
**Minor Children**

**E.J., Mother,**
        Appellant,

**J.C., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.

A mother and a father separately appeal the termination of their parental rights to their two children. **AFFIRMED ON BOTH APPEALS.**

Arielle M. Lipman of Lipman Law Firm, P.C., West Des Moines, for appellant mother.

Lisa A. Allison of Allison Law Firm, LLC, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Magdalena B. Reese of Juvenile Public Defender Office, Des Moines, attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., Greer, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**DOYLE, Senior Judge.**

A mother and a father separately appeal the termination of their parental rights to their two children. They each challenge the grounds for termination and contend termination is against the children's best interests. Both parents also argue that termination would harm the children because of the closeness of the parent-child bond. We review these claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The juvenile court terminated the parental rights of both the mother and the father under Iowa Code section 232.116(1)(f) and (*l*) (2020). We may affirm if the record supports termination on either ground. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). The court may terminate under section 232.116(1)(f) if it finds:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance [(CINA)] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The only issue is whether the children could be returned to either parent's care at the time of the termination hearing.

The juvenile court removed the children from the home in August 2019. At the time, the father was in jail on a probation violation and the mother was living with the children in a van. The parents' methamphetamine use was a concern,

with the father admitting use while the mother and the older child, then four, tested positive.[1]  On this basis, the juvenile court adjudicated the children to be CINA.

In the year that followed, the mother made little effort to address the concerns that led to the children's removal.  The father showed some progress, and on that basis, the court granted a six-month extension to eliminate the need for removal.  *See* Iowa Code § 232.104(2)(b).  Unfortunately, the six months that followed did not bring the changes needed to return the children to either parent's care.  The father relapsed in October 2020 while with the mother, who admits she was using methamphetamine "[a]lmost every day" at that time.  The mother entered inpatient substance-abuse treatment shortly after and remained sober while there but left after two months.  It appears the program brought no lasting change, with a chemical dependency assessment completed before she began describing her as in the "pre-contemplation stage of change" and a report written when she left stating she "remain[ed] in the contemplation stage, possibly reverting back to the pre-contemplation stage."

By the time of the February 2021 termination hearing, neither parent had addressed their mental-health or substance-use issues adequately.  The mother showed little insight into her substance use at the time of the termination hearing, claiming she was not at risk of relapse despite her long history of substance use and her failure to complete treatment.  Despite their denials, the evidence suggests that the relationship between the mother and the father continued.  For this reason, the Iowa Department of Human Services (DHS) worker expressed concerns that

---

[1] There was an insufficient sample to test the younger child, then three.

the father "has continued to allow himself to fall back into old patterns that have affected his recovery, his protective capabilities, and prioritizing this case, his needs, and his children's needs." Neither parent has shown an ability to remain sober in the long-term. Their risk of relapse is magnified by their involvement with each other. Even though the juvenile court granted the parents more time for reunification, the safety concerns attendant to the parents' ongoing mental-health and substance-use issues precluded the DHS from offering unsupervised visits to either parent. Clear and convincing evidence shows the children cannot be returned to either parent's care.

The mother and the father also challenge the finding that terminating their parental rights is in the children's best interests. *See id.* § 232.116(2); *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014). In making the best-interests determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted). We must "consider what the future likely holds for the child if returned to [the] parents. Insight for this determination can be gained from evidence of the parent's past performance, for that performance may be indicative of the quality of the future care that parent is capable of providing." *In re B.H.A.*, 938 N.W.2d 227, 233 (Iowa 2020) (citation omitted) (discussing the best-interest framework outlined in chapter 232).

The best-interest analysis supports termination. As stated above, the evidence shows the children cannot be safely returned to either parent's care. And

neither parent can afford the children with the permanency they need. Given each parent's performance during the CINA proceedings, it is unlikely that either parent will be able to make the necessary changes to provide safety and stability for these children anytime soon. The evidence shows the children are doing well in their foster-care placement, and a family member had been approved as a placement. Long-term foster care is not preferred to termination, which will allow for adoption and provide the children with the permanency they require. *See In re R.L.*, 541 N.W.2d 900, 903 (Iowa Ct. App. 1995).

Our supreme court has often noted the importance of the statutory timeframe in deciding whether to terminate parental rights. *See In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute."). Eighteen months of these children's young lives have already passed since their removal when the statute only requires twelve. *See* Iowa Code § 232.116(1)(f)(3). As we have often said, children do not come equipped with pause buttons. *See A.M.*, 843 N.W.2d at 112 (holding that the court must not deprive children permanency on the hope that someday the parent will be able to provide a stable home); *A.C.*, 415 N.W.2d at 614 (noting that if the plan to reconcile parent and child fails, "all extended time must be subtracted from an already shortened life for the children in a better home"). We have reached the time where the children's need for safety and permanency outweigh the rights and needs of the parents. *See In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009).

Both the mother and the father claim terminating their parental rights is against the children's best interests because "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). If so, we "need not terminate the relationship between the parent and child." *See id.* But this decision to preserve the parent-child relationship under section 232.116(3) is permissive rather than mandatory, and we base it on the unique circumstances of each case and the best interests of the children. *See A.M.*, 843 N.W.2d at 113.

The juvenile court found none of the circumstances set forth in section 232.116(3) exist. We agree. Although the children have a bond with the parents, a bond alone is not enough; the parents bear the burden of showing a bond so strong that termination would harm the children. *See In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021). Because neither parent has shown a bond so strong it outweighs the children's need for permanency, we affirm the termination of their parental rights.

**AFFIRMED ON BOTH APPEALS.**